UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE SCENIC RIVERS ASSOCIATION and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> WATER AND WASTEWATER AUTHORITY OF WILSON COUNTY, and ADENUS OPERATIONS, LLC, <br><br> Defendants. | Case No.: 3:25-cv-01145 <br><br> Judge Richardson |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Water and Wastewater Authority of Wilson County and Adenus Operations, LLC, submit this Reply in Support of their Motion to Dismiss. [Doc. No. 24]. The Motion to Dismiss has two grounds: lack of jurisdiction and failure to state a claim.

Defendants move to dismiss the claims of Plaintiff Tennessee Scenic Rivers Association ("TSRA") for lack of jurisdiction because TSRA lacks associational standing since its named representative released her claims against the Defendants. [Doc. No. 25, pp. 5-7]. In their Response, Plaintiffs attempt to avoid enforceability of the release provisions and, as an alternative, attach a declaration from another purported representative. [Doc. Nos. 30, 30-2]. Neither alternative cures the jurisdictional defect.

Defendants also move to dismiss Plaintiffs' Amended Complaint for failure to state a claim for which relief can be granted because their allegations rely on various TDEC inspections which reported visual observations like ponding of water - things that are related to the permit issued by TDEC but are not violations of the Clean Water Act ("CWA"). In their Response, Plaintiffs attempt

to broaden the allegations in the Amended Complaint by asserting that "wastewater writ large" [sic] is itself a pollutant. [Doc. No. 30, p. 21]. However, if wastewater effluent is a pollutant, Plaintiffs still must plausibly allege an actual addition to navigable waters from a point source attributable to Defendants. They do not. The Motion should be granted.

### I. Statutory claims *can* be waived, and here they were waived by Ms. Stalcup when she signed the Sewer Service Contract.

Federal common law controls the validity of a release of a federal cause of action. *Nicklin v. Henderson*, 352 F.3d 1077, 1080 (6th Cir. 2003) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1481 (6th Cir. 1989)). "Under federal common law, unambiguous agreements, including agreements to release or waive federal claims, are enforced according to their terms." *Arnold v. Paredes*, 714 F. Supp. 3d 962, 971 (M.D. Tenn. 2024) (citing *Soltis v. J.C. Penney Corp.*, 635 Fed. App'x 245, 248 (6th Cir. 2015)). The Sixth Circuit has repeatedly found releases of statutory claims to be enforceable. *E.g.*, *Dotson v. Arkema, Inc.*, 397 F. App'x 191, 194 (6th Cir. 2010) (enforcing plaintiff's release of ERISA claims); *Gascho v. Scheurer Hosp.*, 400 F. App'x 978, 985 (6th Cir. 2010) (enforcing plaintiff's release of Title VII claims); *Hill v. McCrabb*, 19 F. App'x 314, 315 (6th Cir. 2001) (enforcing plaintiff's release of Labor Management Relations Act claims).[1]

Plaintiffs argue that even if the exculpatory clauses in the Sewer Service Contract are enforceable, TSRA's claims are outside the scope of the clauses. [Doc. No. 30, pp. 8-9]. Splitting hairs, Plaintiffs contend that Ms. Stalcup released claims relating to the *treatment* of wastewater, but that their suit is based on allegations of "improper wastewater *disposal* practices." [Doc. No. 30, p. 9 (emphasis added)]. This argument is belied by the allegations in the Amended Complaint.

---

[1] Even fundamental constitutional rights may be waived if the waiver is voluntary, knowing and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Plaintiffs' challenge is premised on their allegations that saturation and overloading of the Ridgewater facility prevents the soils from performing required "treatment" and effective assimilation of pollutants. [Doc. No. 21, ¶¶ 37, 40, 45]. The exculpatory clauses in Ms. Stalcup's Sewer Service Contract unambiguously waive and release claims related to sewage collection and "treatment."

Plaintiffs cannot cure this jurisdictional defect by offering a new TSRA representative, Stephanie Sullivan, in their response brief. [Doc. No. 30-2]. The Amended Complaint "must state a plausible claim that the plaintiff has suffered an injury in fact and that the other elements of standing are satisfied." *Wall v. Mich. Rental*, 852 F.3d 492, 495 (6th Cir. 2017). "A complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss[.]" *Chatman v. Doe*, No. 2:23-cv-02024-JPM-atc, 2023 U.S. Dist. LEXIS 109801, at *4 (W.D. Tenn. June 26, 2023). Plaintiffs' Response brief is not a pleading. *Ward v. Alcar Recovery*, No. 2:23-CV-10157-TGB-CI, 2024 U.S. Dist. LEXIS 3085, at *3 (E.D. Mich. Jan. 5, 2024) (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("[A] complaint may not be amended by making allegations in a motion or brief that is not a pleading.")).

## II. The TDEC reports Plaintiffs rely on do not support the allegations of the Amended Complaint.

The CWA requires an NPDES permit for the discharge of "pollutants" from a point source to waters of the United States. [Doc. No. 21 ¶¶ 99, 112]. Most of the facilities in Tennessee like the Ridgewater facility, however, are non-discharging systems. 2024 TDEC "Investigative Survey," page 3.[2] [cited in Doc. No. 30 ¶ 43]. Instead of the discharge of pollutants that would require an NPDES permit, "[t]he soil environment provides treatment of the wastewater" in such

---

[2] https://perma.cc/8AJJ-FKBZ.

systems. *Id*. page 1. The wastewater is treated in the soil profile "primarily through physical filtration, biological consumption of nutrients by organisms residing in the soil, and pathogen die-off related to residence time." *Id*. page 2.

The CWA does not impose effluent limits within a non-discharging system like the Ridgewater facility. Hence, TDEC observations of standing water or other phenomenon within the facility are not sufficient to establish violations of the CWA. Plaintiffs must allege sufficient facts such that the Court can infer "more than the mere possibility" that pollutants are being discharged into the waters of the United States.

Plaintiffs' attempts to bolster their claims with lists of dates of alleged violations, based on TDEC reports, are insufficient. Plaintiffs' series of dates when Defendants allegedly violated the CWA "on every day since at least August of 2020" [Doc. No. 21 ¶¶ 105, 116] mirror the dates of the TDEC reports incorporated by reference in the Amended Complaint. [Doc. No. 21 ¶¶ 55-95]. In other words, almost all the alleged violations of the CWA are based on observations made by TDEC during site visits to the Ridgewater facility. However, the TDEC documents do not substantiate Plaintiffs' claims of CWA violations.

Taking, for example March 3, 2021, the earliest date of an alleged violation, Plaintiffs make the conclusory allegation that on that date there was a "[d]ischarge of polluted wastewater from the Existing Drainage Ditch to the Unnamed Tributary to the Cumberland River at Old Hickory Lake." [Doc. No. 21 ¶ 105]. TDEC's report from its March 3, 2021 visit notes some ponding of water within the facility, but **it includes absolutely no statements from which a court could infer a "discharge of polluted wastewater" to waters of the United States**. In fact, there are no statements in the March 3, 2021 report from which a court could infer a discharge of *any* wastewater. Plaintiffs' new argument that all wastewater constitutes a pollutant under the CWA

does not save their pleading from its lack of plausible allegations of the discharge of pollutants, allegations the TDEC reports simply do not support.

The content of the TDEC reports conflicts with the Plaintiffs' legal conclusions, couched as factual allegations. In such a situation, the Court should accept the facts stated in the TDEC reports, not the Amended Complaint, as true. *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document."). Because the TDEC reports do not include sufficient facts such that the Court can infer "more than the mere possibility" that wastewater is being discharged to the Unnamed Tributary, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), Plaintiffs have not shown they are entitled to relief.

The Response does not cure the deficiencies in the Amended Complaint. Defendants' Motion to Dismiss as to TSRA and any alleged violations of the CWA predating the first testing for "pollutants" on April 24, 2025, should be granted.

Respectfully submitted,

*/s/ Sarah M. Ingalls*
Richard L. Colbert (#009397)
William L. Penny (#009606)
Sarah M. Ingalls (#038383)
THOMPSON BURTON, PLLC
Palmer Plaza
1801 West End Ave, Suite 1550
Nashville, Tennessee 37203
Telephone: (615) 465-6000
Facsimile: (615) 807-3048
rcolbert@thompsonburton.com
bpenny@thompsonburton.com
singalls@thompsonburton.com

*Attorneys for Defendants Water and Wastewater Authority of Wilson County and Adenus Operations, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 21, 2026, a copy of the foregoing was filed electronically with the Clerk's office and served upon all parties using the Court's CM/ECF system through their counsel of record as indicated below:

| | |
|---|---|
| Stephanie Biggs<br>George Nolan<br>1033 Demonbreun Street<br>Suite 205<br>Nashville, TN 37203<br>sbiggs@selc.org<br>gnolan@selc.org | James S. Whitlock<br>48 Patton Avenue, Suite 304<br>Asheville, NC 28801<br>jwhitlock@selc.org |

                */s/ Sarah M. Ingalls*
                Sarah M. Ingalls